# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SELENE COMMUNICATION TECHNOLOGIES, LLC, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : C.A. No. 14-435-LPS |
| | : |
| TREND MICRO INCORPORATED and TREND MICRO AMERICA, INC., | : |
| | : |
| Defendants. | : |

## **MEMORANDUM ORDER**

Pending before the Court in this patent infringement case is Defendants Trend Micro Incorporated and Trend Micro America, Inc.'s (collectively, "Trend Micro") motion to transfer to the Northern District of California ("Northern District"), pursuant to 28 U.S.C. § 1404(a). (D.I. 16) Such motions require a case-specific consideration of the circumstances presented and a weighing of several factors, including those identified by the Third Circuit in *Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995); *see also, e.g., Intellectual Ventures I LLC v. Altera Corp.*, 842 F. Supp. 2d 744 (D. Del. 2012). Having considered the *Jumara* factors and this Court's decisions applying them, the Court finds that the factors, in total, weigh sufficiently strongly in favor of transfer. Accordingly, Trend Micro's motion to transfer (D.I. 16) is GRANTED, for the following reasons.

1.  The choice of forum of Plaintiff, Selene Communication Technologies, LLC ("Selene"), disfavors transfer. However, the deference to be given to Selene's choice of forum is reduced because Selene's principal place of business is in Shaker Heights, Ohio. (D.I. 1 at ¶ 1) Additionally, Selene was only created in 2011 and has only owned the patent-in-suit since July

2013.[1] (*See* D.I. 17 at 4, 11-12) Selene's incorporation in Delaware is not dispositive. *See In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1223 (Fed. Cir. 2011) ("When a plaintiff brings its charges in a venue that is not its home forum, . . . that choice of forum is entitled to less deference.").

2. Defendants' choice of the Northern District weighs in favor of transfer.[2] Trend Micro Incorporated ("TMI") is a California corporation which maintained its headquarters in Cupertino, California until mid-2013 (it is now headquartered in Irving, Texas), and which still retains a substantial portion of its operations and employees in Cupertino. (D.I. 18 at ¶ 4) Trend Micro America, Inc. ("TMA") is a Delaware corporation with its headquarters and principal place of business in Cupertino, California. (D.I. 19 at ¶ 4) TMA has never maintained a place of business in Delaware or had any employees, documents, or property in Delaware. (*Id.* at ¶ 5) TMA maintains that it does not make, sell, offer for sale, or otherwise provide any goods or services under the Trend Micro brand. (*Id.* at ¶ 7) Defendants have legitimate and rational reasons for their choice of forum, and therefore, it is entitled to weight, but not the same weight as Plaintiffs' choice of forum. *Intellectual Ventures I*, 842 F. Supp. 2d at 755.

3. The location where the claim arose weighs in favor of transfer. Although a patent infringement claim arises wherever an infringing act takes place – and Selene alleges here this is nationwide – research and development of the allegedly infringing products occurred primarily in the Northern District. (D.I. 18 at ¶¶ 9-10) *Accord Intellectual Ventures I*, 842 F. Supp. 2d at 755

---

[1]Selene's direct parent company is Selene Communication Technologies Acquisition, LLC, a Delaware limited liability company, which in turn is a 100% wholly-owned subsidiary of Marathon Patent Group, Inc., a Nevada corporation. (D.I. 25)

[2]It is undisputed that this case could have been brought in the Northern District.

2

(holding that this factor weighed in favor of transfer where "some of the research and development activities relating to the allegedly infringing products occurred in" the proposed transferee forum). Additionally, the patent-in-suit was, until July 2013, held by SRI International, a California company with a principal place of business in Menlo Park, California, meaning that any harm from infringement prior to that date was suffered primarily in the Northern District. (*See* D.I. 17 at 3, 11-12)

4. The convenience of the witnesses weighs in favor of transfer. Although Trend Micro identified its employees as among the witnesses who would be inconvenienced in Delaware, party employees are less relevant to this analysis than non-party witnesses. *See Intellectual Ventures I*, 842 F. Supp. 2d at 757. As far as non-party witnesses are concerned, three of the four inventors, who are third-party witnesses, reside in the Northern District. (D.I. 20 at Exs. C-E) Trend Micro has not, however, produced any evidence that these inventors will refuse to testify without a subpoena.

5. Although Selene argues that practical considerations, such as judicial efficiency, disfavor transfer, this factor weighs only slightly against transfer. There are, according to Selene, 15 cases pending before this Court involving the '444 Patent, which is at issue in the instant case. However, discovery has only recently begun in these related suits and "the [C]ourt's experience" with the technology and the patent-in-suit is not yet well-developed. *In re Link_A_Media Devices Corp.*, 662 F.3d at 1224 (noting that "a district court's concurrent litigation involving the same patent [is] a relevant consideration, if the court's experience [is] not tenuous and the cases [are] co-pending").

6. The remaining *Jumara* factors are either neutral or slightly favor transfer.

3

7.  Overall, then, the Court concludes that Trend Micro has met its burden to show that the pertinent factors weigh strongly in favor of transfer. *See Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970) ("[U]nless the balance of convenience of the parties is strongly in favor of defendant, the plaintiff's choice of forum should prevail.") (internal quotation marks and citation omitted).

Accordingly, IT IS HEREBY ORDERED that Defendants Trend Micro Incorporated and Trend Micro America, Inc.'s motion to transfer this action to the Northern District of California (D.I. 16) is GRANTED.

Wilmington, Delaware
January 16, 2015

UNITED STATES DISTRICT JUDGE